# Charleston.

ENOS ARNOLD, SURVIVOR, &C., *vs.* ADAM GIVEN *et al.*

January Term, 1872.

An action debt is brought on a forthcoming bond. Pleas are filed and replication thereto. The defendant then moves the court to quash the execution and forthcoming bond on which the suit is predicated, which motion is sustained. Nothing in the record appears to warrant this summary judgment of the court.

Action of debt on a forthcoming bond in the circuit court of Kanawha county; declaration filed at January rules, 1869. Summary judgment on a motion to quash the execution and bond, July 7th, 1870.

The plaintiff appealed to this court.

*J. M. Laidley* for the plaintiff in error.
*J. S. Swann* for the defendant in error.

BERKSHIRE, P. This was an action of debt in the circuit court of Kanawha county, on a forthcoming bond, by Arnold and Rand against the appellee, Given, and his sureties in said bond.

The record exhibits irregularities and novelty of proceeding. The declaration declares for the *penalty* of the bond, without setting out the *condition*. The defendants filed three special pleas, which, on the motion of the plaintiffs, were rejected. But at a subsequent term of the court, leave was granted the defendants to file the same pleas; to which pleas the plaintiffs then demurred, and the demurrer was overruled. The plaintiffs thereupon filed two special replications to the pleas, setting out, among other things, the conditions of the bond declared on. No issue appears to have been taken on the

33

replications, or any disposition made of them.   But upon the filing of them, the defendant moved the court to "quash the execution and forthcoming bond taken thereunder, both of which are filed in this cause."   This motion was sustained and the execution and bond were quashed and costs adjudged against the plaintiffs, "including fifteen dollars as allowed by law."   It is from this judgment that the appellants have appealed.

No reasons are assigned for the judgment of the court, and we are left altogether to conjecture as to the grounds upon which its summary action was based.   We can discover nothing in the record that would seem to warrant the judgment rendered, and it must therefore be reversed, with costs, and the cause remanded to the circuit court for further proceedings.   Any other questions that may arise in the cause are not now properly before the court, and are therefore not considered.

The other judges concurred.

JUDGMENT REVERSED.